The opinion of the Court was delivered by
O’Neall, J.
The decision of the Judge below, in refusing to allow the defendants to give evidence of the insolvency of persons against whom the tax-collector of Richland District had issued executions and lodged them with the sheriff, and which he had failed to return within the time allowed by law, and also in refusing to allow the defendants to show that the State was indebted to the sheriff for various services, and to set the same off against his liability for tax executions, was correct. The same points were ruled and settled by this Court at our last session in Charleston, in the case of the Treasurers vs. Cleary, (3 Rich. 372.)
We concur with the Judge below, that the defendants were not liable for penalties imposed on the sheriff by the Acts of 1796, 1799, 1827, for not paying over to the plaintiffs in execution money by him collected under it, and for not returning *414 executions according to law. The undertaking of the securities is, that the sheriff shall discharge the duties of his office: his failure to pay over money collected by him, or to return the executions in his office, according to law, are violations of his duty, and consequently breaches of the covenant contained in the condition of his official bond; and the securities become thereby liable to respond in damages to the parties interested. But penalties imposed on the sheriff for a violation of his duties, are not damages sustained by the parties affected by his default. They are punishments inflicted by the law on the sheriff himself for a quasi criminal neglect of duty. If the penalties were in the nature of liquidated damages, it is possible the securities might be liable, but there is nothing in the Acts which authorizes us so to regard them.
We are also of opinion, that the presiding Judge was correct in allowing evidence of the insolvency of the defendants, in the executions of D. & J. Ewart, which the sheriff had failed to return according to law. After he had decided that the securities were not liable to the penalties imposed by the law on the sheriff for not returning the executions, the question still remained to be decided, what damages did the plaintiffs in execution sustain, by the sheriff’s failure to make the returns ? There is this difference between this question and that which was made under the tax executions: in the latter the law has made the sheriff, if he fails to make his return within the time limited by law, liable for the amount of the tax executions; in the case of executions at the suit of citizens there is no such legal provision. It is then in such a case a question of how much actual damage has been sustained by the party, by the executions not being returned. The legal presumption arising from no return being made, is that the sheriff has either received the debt or he might have done so. Anything which goes to rebut this legal presumption is competent evidence for the defendants. The insolvency of the defendants in the execution not only rebuts and destroys the legal presumption, but *415 also shows that tbe plaintiffs in execution can have sustained no damage from the default of the sheriff. The analogous case of Boyce vs. Barksdale, 4 McC., 141, seems to me to be decisive on this point.
The various motions for a new trial are dismissed.
JOHNSON and HaRPEP^ JJ., concurred.

Motions dismissed.